IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTIE AVERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-239-WHA |
| ) | |
| ALABAMA STATE UNIVERSITY ) | (wo) |
| & ALEX PETTWAY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANUM OPINION AND ORDER**

**I.     FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Motion to Dismiss (Doc. # 24), filed by the Defendant, Alex Pettway, on April, 5, 2016.

The Plaintiff filed a Complaint in this case on April 10, 2015.  The Complaint names Alabama State University ("ASU") and Alex Pettway ("Pettway") as Defendants.  Claims are asserted pursuant to federal law against ASU and pursuant to state law against ASU and Pettway. A summons was issue to ASU and to Pettway on April 13, 2015.  The summons was returned unexecuted as to Alex Pettway on April 16, 2015.  (Doc. #5).  An Alias Summons was issued as to Pettway on May 14, 2015, but was not executed.  (Doc. #10).

On June 11, 2015, this court entered a Uniform Scheduling Order.  (Doc. #12).

Pettway states in his Motion to Dismiss that on July 7, 2015, counsel for the Plaintiff Mattie Avery ("Avery"), requested that counsel for ASU provide her with the last known address for Pettway.  Counsel responded that as indicated on ASU's Initial Disclosures, ASU did not have a last known address other than that which had been provided in the Initial Disclosures.

On October 28, 2015, ASU produced documents to Avery in response to her discovery requests which included Pettway's personnel file.

On February 16, 2016, Avery discovered letters containing Pettway's address and attempted service the next day on February 17, 2016.

The Summons was issued as to Pettway on February 17, 2016 at the residential address included in the Initial Disclosures.  (Doc. #17).  The summons was returned executed on February 23, 2016.  (Doc. #18).  Pettway was served at an Army National Guard command center in Montgomery, Alabama.  Pettway is represented by the attorney who has represented ASU throughout this case.  Before Pettway was served, Avery discovered matters related to Pettway.  (Doc. #21-1).

On February 24, 2016, Pettway filed a Motion to Stay, seeking to stay this case to allow him to file a responsive pleading and to preserve discovery time.  (Doc. #19).  The court granted the Motion to Stay as to the deadlines in the case, with the exception of the briefing schedule on the Motion to Dismiss.  (Doc. #26).

Pettway's Motion to Dismiss is based on the ground that he was not served within 90 days from the filing of the Complaint and the action should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

For reasons to be discussed, the Motion to Dismiss will be DENIED.

## II.    DISCUSSION

If a defendant is not served within 90 days after the filing of the complaint, the court must "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists

"only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted).

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey,* 476 F.3d at 1281.[1]  Factors which may justify the grant of an extension of time absent a showing of good cause are if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. *Id.*  However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). *In re Trasylol Products Liab. Litig.--MDL--1928.*, 503 F. App'x 850, 857 (11th Cir. 2013).

Avery does not dispute service of process was outside the timeframe allowed under Rule 4(m). Prior to the December 2015 amendment, service was required within 120 days of the filing of the complaint. Under the current rule, service was required within 90 days of the filing of the complaint. Petttway was served on February 19, 2016, which did not comply with either version of the rule.

There is apparently no dispute that addresses for Pettway were contained in ASU's Rule 26 disclosures on June 18, 2015 and Pettway's personnel file which was produced on October 28, 2015. Avery argues that good cause exists as to why she was not able to serve Pettway until February 19, 2016, because she was under the impression, based on a representation by an employee of ASU, that Pettway was serving on active military duty and the addresses provided to her by ASU were no longer valid. The court has been provided emails which indicate that

---

[1] The Defendant cites authority for the proposition that good cause is the only exception to dismissal for failing to serve within the time period required by the rule, but that position has been rejected by the Eleventh Circuit. *See Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

representations were made by ASU to Avery's process server that Pettway was on active military duty and could not be served. (Doc. #27-1 at p.6).[2]

It appears to the court that Avery's failure to serve Pettway within the time allowed was the result of an outside factor, namely, a representation by an external source as to Pettway's location and the efficacy of service at that location, and not due to the plaintiff's own negligence. *Lepone-Dempsey*, 476 F.3d at 1282; *see also Dash v. Chasen*, 503 F. App'x 791, 795 (11th Cir. 2013) (considering whether an outside factor existed in the form of a representation as to whom the plaintiff was required to serve). Good cause, therefore, has been shown to excuse the failure to timely serve Pettway. *See Welch*, 2012 WL 6725647, at *3.

Even if, however, good cause has not been shown, the court exercises its discretion to allow for an extension of time for service, considering that Pettway is participating in this lawsuit and the re-refiling of the state law claims asserted against Pettway would appear to be barred by the statute of limitations. *See Todd v. City of LaFayette*, No. 3:12cv589, 2013 WL 6050855, at *3 (M.D. Ala. Sept. 23, 2013)(alternatively exercising discretion to allow an extension of time and considering that the statute of limitations had run, the defendant had jointed the litigation, and the defendant was represented by the same attorney representing the co-defendants). The Motion to Dismiss is, therefore, due to be DENIED on this alternative basis.

### III.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Dismiss is DENIED.

2. The trial of this case is continued from the October 3, 2016 trial term to the December 12, 2016 trial term, with pretrial hearing set for November 9, 2016.

---

[2] ASU refers to this evidence as being from an "unnamed employee," and states that representations were not true, but does not refute that the representation was made. (Doc. #28).

3. The stay in this case is lifted and all current deadlines are vacated.

4. The parties are DIRECTED to file a new Report of Parties Planning Meeting by May 1, 2016 at which time a new Scheduling Order will be entered.

Done this 19th day of April, 2016.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE